UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PANFILO GONZALEZ ROCHA,<br><br>Plaintiff,<br><br>-against-<br><br>CATERING BY MCA LLC d/b/a PRIME EVENTS, MINDEL C. ARANOFF, and ERICK MORALES,<br><br>Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Panfilo Gonzalez Rocha ("Plaintiff" or "Gonzalez"), by his attorneys Pechman Law Group PLLC, complaining of Defendants Catering by MCA LLC d/b/a Prime Events ("Prime Events"), Mindel C. Aranoff ("Aranoff"), and Erick Morales ("Morales") (collectively, "Defendants"), alleges:

## NATURE OF THE COMPLAINT

1. Gonzalez regularly worked approximately seventy-two hours per workweek as a food packer for Prime Events, a catering company based in Far Rockaway, New York. Throughout his employment, Defendants paid Gonzalez at rates below the lawful minimum wage and failed to pay him overtime pay for hours he worked over forty in a workweek. Furthermore, Defendants failed to pay Gonzalez an extra hour of pay at the full minimum wage rate when he worked shifts longer than ten hours. Defendants also failed to furnish Gonzalez with a wage notice at the time of his hiring and with accurate wage statements with each of his wage payments.

2. Gonzalez brings this action to recover from Defendants his unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the

Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL"), and the New York Wage Theft Prevention Act, NYLL §§ 195, 198 ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because Defendants conduct business in the Eastern District of New York and the events and omissions giving rise to Plaintiff's claims occurred in the Eastern District of New York.

## THE PARTIES

**Plaintiff Panfilo Gonzalez Rocha**

5. Panfilo Gonzalez Rocha resides in Queens, New York.

6. Defendants employed Gonzalez from approximately June 7, 2022, through March 19, 2026.

**Defendant Catering by MCA LLC**

13. Defendant Catering by MCA LLC d/b/a Prime Events provides catering services for weddings, Bar and Bat Mitzvahs, and other events in the tri-state area.

14. Prime Events also operates Prime Pesach, a company specializing in kosher catering services. *See* https://pesach.primeeventsbymc.com/(last accessed November 20, 2026).

15. Prime Events maintains an office and a commissary located at 5001 Rockaway Beach Blvd, Far Rockaway, New York 11691.

16. Throughout Gonzalez's employment, Defendants paid Gonzalez's wages on checks issued by Catering by MCA LLC.

17. Throughout Gonzalez's employment, Catering by MCA LLC had employees, including Gonzalez, engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18. In the three years preceding the filing of this Complaint, Catering by MCA LLC has had an annual gross volume of sales in excess of $500,000.

19. Catering by MCA LLC is an "enterprise engaged in commerce" within the meaning of the FLSA.

**Defendant Mindel C. Aranoff**

22. Defendant Mindel C. Aranoff is a principal and owner of Prime Events.

23. Throughout Gonzalez's employment, Aranoff exercised power and authority over personnel decisions at Prime Events, including the power to discipline employees, hire and fire employees, set employee schedules, set employee wage rates, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

24. Aranoff exercised this power of authority personally and through Prime Events' chef and manager, Erick Morales.

25. Throughout Gonzalez's employment, Aranoff was regularly present at the commissary and catering events, supervising, and directing the work duties of employees.

26. Aranoff signed the paychecks issued to Gonzalez.

27. Aranoff determined Gonzalez's rate of pay, and granted him raises of pay, including in 2024 when Aranoff increased Plaintiff's pay from $13 per hour to $16 per hour.

28. Both Aranoff and Morales informed Plaintiff of his job duties upon hire.

29. Aranoff exercised sufficient control over Prime Events' operations and Gonzalez's employment to be considered Gonzalez's employer under the FLSA and the NYLL.

**Defendant Erick Morales**

26. Defendant Erick Morales is a manager of Prime Events.

27. Throughout Gonzalez's employment, Morales exercised power and authority over personnel decisions at Prime Events, including the power to discipline employees, hire and fire employees, set employee schedules, and otherwise control the terms and conditions of their employment.

28. For example, Morales hired Gonzalez.

29. Morales distributed Gonzalez's wages.

30. Throughout Gonzalez's employment, Morales directed and supervised Gonzalez's work duties.

31. Morales exercised sufficient control over Prime Events' operations and Gonzalez's employment to be considered Gonzalez's employer under the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

30. Throughout his employment, Gonzalez worked as a food packer.

31. At Prime Events' commissary, Gonzalez was responsible for packing food and service equipment for delivery to catering events.

32. From approximately June 7, 2022, through March 19, 2026, Gonzalez regularly worked six days per week from approximately 8:00 a.m. to 8:00 p.m., for a total of approximately seventy-two hours per workweek.

33. From approximately June 7, 2022, through the end of 2023, Defendants paid Gonzalez $13 per hour for all hours worked, including for hours worked over forty per workweek.

34. From approximately 2024 through the end of his employment, Defendants paid Gonzalez $16 per hour for all hours worked, including for hours worked over forty per workweek.

35. For example, for the pay period of November 30, 2025, through December 6, 2025, Defendants paid Gonzalez $1,435.36 in gross wages at his straight-time rate of $16 per hour.

36. Defendants paid Gonzalez's wages by check, issued by Catering by MCA LLC.

37. Defendants did not pay Gonzalez at the statutory minimum wage rate for all hours worked.

38. Defendants did not pay Gonzalez at a rate of one and one-half (1 1/2) times the minimum wage for hours worked over forty per workweek.

39. Defendants did not pay Gonzalez spread-of-hours pay on days when he worked shifts spanning over ten hours.

40. Defendants did not provide Gonzalez with wage notices at his time of hire or when his wage rates changed. Defendants also paid Gonzalez's wages without accompanying wage statements accurately reflecting, *inter alia*, the correct minimum and overtime wage rates and total hours worked.

41. Defendants' failure to issue compliant wage notices or wage statements directly contributed to the wage theft suffered by Plaintiff, as the lack of accurate information regarding his total hours worked per workweek and entitlement to minimum and overtime wages at the legally required rate hindered his ability to track the amounts owed to him and challenge Defendants' unlawful wage payment practices sooner.

42. Had Plaintiff received compliant wage notice and accurate and compliant weekly wage statements, he would have realized that he was being underpaid and would have acted sooner to ensure proper payment of wages.

43. Plaintiff was unaware that he was legally entitled to be paid the statutory minimum wage rate, one and a half times his regular rate for all hours over forty per workweek, and spread of hours pay, which a wage notice and wage statements in compliance with labor law regulations would have clarified.

44. Defendants have previously been the subject of wage-theft litigation arising out of their pay practices at Prime Events. *See Espino Castellon v. Catering by MC LLC et al*, 1:24-vs-01048 (Eastern District of New York) (former food service worker alleging, *inter alia*, unpaid minimum and overtime wages, spread of hours pay, and failure to furnish wage notices and accurate wage statements in violation of the NYLL and FLSA).

**FIRST CLAIM**
**(NYLL – Unpaid Minimum Wages)**

42. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

43. Defendants employed Plaintiff and are employers within the meaning of the NYLL §§ 190(3), 651(6), and 652 and supporting New York State Department of Labor ("NYDOL") regulations.

44. The NYLL and its supporting NYDOL regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

45. Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the NYLL.

46. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff minimum hourly wages.

47. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover his unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**SECOND CLAIM**
**(FLSA – Unpaid Overtime Wages)**

48. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

49. Defendants employed Plaintiff and are an employer within the meaning of 29 U.S.C. §§ 203(d) and 207(a).

50. Defendants were required to pay Plaintiff one and one-half (1 1/2) times his regular hourly rate for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq*.

51. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

52. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the proper overtime wage rate.

53. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

54. As a result of Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**THIRD CLAIM**
**(NYLL – Unpaid Overtime Wages)**

55. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

56. Under the NYLL and supporting NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiff one and one-half (1 1/2) times his regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked over forty per workweek.

57. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL and its supporting regulations.

58. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff overtime wages.

59. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**FOURTH CLAIM**
**(NYLL – Spread-of-Hours Pay)**

60. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

61. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which he worked shifts spanning over ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.6.

62. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**FIFTH CLAIM**
**(NYLL WTPA – Failure to Provide Wage Notices)**

63. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

64. The NYLL's WTPA requires employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

65. In violation of NYLL § 195(1), Defendants failed to furnish Plaintiff at the time of hiring, or whenever his rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

66. As a result of Defendants' violations of NYLL § 195(1), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-b).

**SIXTH CLAIM**
**(NYLL WTPA – Failure to Provide Accurate Wage Statements)**

67. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

68. The NYLL's WTPA requires employers to provide employees with an accurate wage statement with each payment of wages.

69. Defendants failed to furnish Plaintiff, with each wage payment, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

70. As a result of Defendants' violations of NYLL § 195(3), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. declare that Defendants violated the minimum wage provisions of the NYLL and supporting regulations;

b. declare that Defendants violated the overtime wage provisions of the FLSA, the NYLL, and supporting regulations;

c. declare that Defendants violated the spread-of-hours pay provisions of the NYLL and supporting regulations;

d. declare that Defendants violated the wage notice and wage statement provisions of the NYLL's WTPA;

e. declare that Defendants' violations of the FLSA and the NYLL were willful;

f. enjoin and permanently restrain Defendants from further violations of the FLSA and NYLL;

g. award Plaintiff damages for unpaid minimum and overtime wages and spread-of-hours pay;

h. award Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA and NYLL;

i. award Plaintiff statutory damages as a result of Defendants' failure to furnish Plaintiff with wage notices and accurate wage statements as required by the NYLL's WTPA;

j. award Plaintiff pre- and post-judgment interest under the NYLL;

k. award Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l. award such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
November 25, 2026

PECHMAN LAW GROUP PLLC

By: ______________________

Louis Pechman
Camille A. Sanchez
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
sanchez@pechmanlaw.com
*Attorneys for Plaintiff*